## MITCHELL *v.* OWEN.

5-1976                                    329 S. W. 2d 180

Opinion delivered November 30, 1959.

*Terral, Rawlings & Boswell,* for appellant.

*Bridges & Young,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellant to recover $126.44 as the damage sustained when her car was struck by the appellee Owen's truck at a street intersection in Pine Bluff. The truck was being driven by Owen's brother-in-law, Reynolds, who made no defense to the suit. The complaint alleges that the collision was caused by Reynolds' intoxication and that Owen was negligent in entrusting the vehicle to Reynolds with knowledge of his addiction to alcohol. The

trial court, sitting without a jury, found that the proof did not show negligence on the part of Owen. The appellant's sole contention is that the court erred in reaching this conclusion.

It is stipulated that the only relevant testimony is that of Owen. For some months before the accident Reynolds had been living with his sister and brother-in-law on the Owens' farm, about twenty-one miles from Pine Bluff. Owen says that Reynolds drinks to excess but is not exactly an alcoholic; he knows when to drink and when not to. The truck was a farm vehicle, which Reynolds had never used without permission. On the day of the collision Owen and his wife went to New Orleans for the week end, leaving Reynolds at the farm and leaving the keys in the truck. Owen instructed Reynolds not to leave the farm and not to be drinking while the Owens were away. Owen did not believe that Reynolds would take the truck, as ''he never bothered anything at any time without permission,'' but that night Reynolds did take the truck, drove to Pine Bluff apparently to see his children, and was involved in the collision with Mrs. Mitchell's car. Upon this proof a jury of fair-minded men would not be compelled to conclude that Owen was negligent; hence there was a question of fact upon which the trial court's finding is decisive.

Affirmed.